James L. Carney, Jr. appeals the prison sentence imposed upon him by the Athens County Court of Common Pleas. Carney alleges his sentence is contrary to law because the court imposed the maximum sentence upon him without finding that he is a drug offender or a repeat violent offender. We disagree, because the trial court's findings that Carney committed the worst form of his offense and poses the greatest likelihood of recidivism justify its imposition of the maximum sentence. Accordingly, we affirm the judgment of the trial court.
 I.
Patrolman David Bernardo of the Coolville Police Department observed Carney driving eleven miles per hour over the speed limit on State Route 7 in Athens County. At Bernardo's signal, Carney stopped his car. As Bernardo walked toward Carney's car, however, Carney sped away. Carney led police on a thirty-two mile chase, exceeding speeds of one hundred ten miles per hour and nearly causing several collisions. Once the police apprehended Carney, they learned that Carney did not have a driver's license. Carney pled no contest to one count of failure to comply with the signal of a police officer in violation of R.C. 2921.331(B), a fourth degree felony. The trial court ordered a presentence investigation report ("PSI").
At the sentencing hearing, the trial court reviewed Carney's PSI and noted Carney's extensive criminal history. Pursuant to plea negotiations, the state recommended only twelve months incarceration, while Carney asked for community control sanctions. Despite the state's recommendation, the trial court imposed the maximum possible sentence upon Carney, eighteen months incarceration.
Carney appeals his sentence, asserting the following assignment of error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT IMPOSED THE LONGEST POSSIBLE PRISON TERM FOR THE OFFENSE WHEN THE STATUTORY REQUIREMENTS FOR IMPOSING SUCH SENTENCE WERE NOT SUBSTANTIATED BY THE RECORD.
 II.
Carney asserts that his sentence is contrary to the law outlined in R.C. 2929.14. Specifically, Carney claims that R.C.2929.14 requires the trial court to find that he is a drug offender and a repeat violent offender before it may impose the maximum sentence upon him. R.C. 2929.14 contains a portion of Ohio's revised felony sentencing guidelines. See Am.Sub.S.B. No. 2. With Am.Sub.S.B. No. 2, the General Assembly modified the trial court's role in sentencing decisions. "While the trial court still maintains discretion in its sentencing decisions, the new scheme significantly limits and channels that discretion through statutory guidelines taking the form of purposes, principles, factors and presumptions." State v.Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, unreported, citing Griffin Katz, Ohio Felony Sentencing Law (1998), Section 9.16.
R.C. 2953.08(A)(4) provides that a defendant who is convicted of a felony may pursue an appeal on the ground that the sentence is contrary to law. The record on appeal must include any presentence or psychiatric reports, the trial record, and all oral or written statements made at the sentencing hearing. R.C. 2953.08(F). The appellate court may modify the sentence upon clearly and convincingly finding any of the following:
(1) the sentence is not supported by the record;
 (2) the trial court imposed a prison term contrary to the procedures of R.C. 2929.13(B) because either the court failed to make the preliminary findings before imposing a prison sentence, or, there was an insufficient basis for imposing a prison term;
 prison sentence, or, there was an insufficient basis for imposing a prison term;
 (3) the trial court failed to impose a prison term where there is a presumption in favor of imprisonment and either there was a failure to follow the procedures of R.C. 2929.13(D) for overcoming the presumption, or, there was an insufficient basis for overcoming the presumption; or
(4) the sentence imposed was contrary to law.
See R.C. 2953.08(G)(1)(a)-(d); State v. Orlando (Nov. 18, 1998), Lawrence App. No. 97CA57, unreported.
In applying this standard of review, we neither substitute our judgment for that of the trial court nor defer to the trial court's discretion to the extent we did in the past. Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors, (2) made the required findings, (3) relied on substantial evidence in the record supporting those findings, and (4) properly applied the statutory guidelines. Dunwoody, citing Griffin Katz at Section 9.16.
R.C. 2929.11(A) states that a court sentencing an offender for a felony shall be guided by the purposes of protecting the public from future crime by the offender and punishing the offender. In order to achieve these two purposes, the sentencing court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense. R.C. 2929.11(A). Additionally, the sentence must be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on his victims. R.C. 2929.11(B).
In determining the most effective way to accomplish the purposes set forth in R.C. 2929.11, the trial court must consider the factors listed in R.C. 2929.12(B) and (C) regarding the seriousness of the offender's conduct, and those in R.C. 2929.12(D) and (E) regarding the offender's propensity for recidivism. The statutory factors which the trial court must consider start with a statutory presumption in favor of community control sanctions for fourth degree felonies. R.C.2929.13. However, Carney does not assert that the trial court erred by finding that the state overcame that presumption, and hence concedes that incarceration was appropriate. Therefore, we need not address the factors supporting the trial court's decision to impose incarceration instead of community control sanctions, and may proceed directly to the question of the appropriate length of Carney's term of incarceration.
R.C. 2929.14 governs the length of prison terms. It provides that, for fourth degree felonies, the term the trial court imposes must be between six and eighteen months. R.C.2929.14(A)(4). To assist the trial court in selecting among the potential terms, R.C. 2929.14(C) provides that the trial court:
 may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *.
Carney asserts that R.C. 2929.14(C) is written in the conjunctive, and that the General Assembly intended for the trial court to impose the maximum sentence only upon those offenders who satisfy all four of the conditions enumerated. We disagree. The General Assembly carefully prefaced each condition with the word "upon," a preposition which requires an object. If the General Assembly had intended that the maximum sentence only be available upon the intersection of four conditions, it would have used only one preposition and one object, not four. We find that the list in R.C. 2929.14(C) is disjunctive, and that the trial court may impose the maximum prison term upon finding any one of the four conditions enumerated.
After examining the record in this matter, we believe that the trial court considered the statutory factors, made the required findings, cited evidence in the record supporting its findings, and properly applied the statutory factors. The trial court found that Carney committed the worst form of the offense of fleeing and eluding, because he led police on a chase for over thirty-two miles at speeds exceeding one hundred ten miles per hour. He nearly caused several accidents, and he was driving without a license. The trial court also found that Carney poses the greatest likelihood of recidivism. The record, including Carney's PSI, reveals that Carney has a lengthy criminal history, including several fleeing and eluding convictions, parole violations, and an active warrant in another Ohio county.
The trial court followed the guidelines and considered the statutory factors in its sentencing determination. Its decision to impose the maximum sentence upon Carney is supported by evidence that Carney committed the worst form of his offense and that Carney poses the greatest likelihood of recidivism, conditions which call for maximum penalties pursuant to R.C.2929.14(C). We cannot clearly and convincingly find that the trial court imposed a sentence which was unsupported by the record or contrary to law. Therefore, we overrule Carney's assignment of error.
Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.:
Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.